|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| Barry Michaels, | Case No.: 2:18-cv-01620-JAD-GWF |
| Plaintiff | **Order Granting Motion for Extension, Vacating Hearing, and Requiring Michaels to Show Cause Why This Case Shouldn't Be Dismissed for Lack of Subject-Matter Jurisdiction** |
| v. | |
| Nexstar Media Group, Inc., | |
| Defendant | [ECF Nos. 3, 8] |

Barry Michaels is an independent candidate for U.S. Senate in Nevada. He wants to participate in the October 4th debate that television broadcaster Nexstar Media Group is hosting but, to qualify, he must have at least $50,000 in reported monetary campaign contributions. Michaels claims that this requirement violates the Federal Election Commission's regulations and the Telecommunications Act of 1996,[1] and he moves on an emergency basis to enjoin the broadcaster from airing the debate unless it eliminates this qualification or waives it for him.[2] Though I've scheduled that motion for hearing on September 14th, the broadcaster, in responding to it,[3] raises legitimate jurisdictional concerns that must be resolved before the court can consider the merits of Michaels's injunctive-relief request. So, I vacate the hearing and order Michaels to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

---

[1] ECF No. 1. Michaels also sued Sarkes Tarzian, Inc. but then he voluntarily dismissed that defendant under FRCP 41(a)(1)(A)(i). ECF No. 11.

[2] ECF No. 3.

[3] ECF No. 13.

**Discussion**

**A.    Motion to Extend [ECF No. 8]**

On August 28, 2018, I scheduled this emergency motion for hearing, shortened the briefing schedule for it, and ordered Michaels to serve the broadcaster with a copy of my scheduling order by August 31, 2018.[4] He did not effectuate that service until September 4, 2018, and he moves to extend the deadline to that date and deem his service timely.[5]

The local rules of this court require a party moving to extend a deadline to "state the reasons for the extension requested" and, if the request is made after the specified period has expired, to "demonstrate[ ] that the failure to file the motion before the deadline expired was the result of excusable neglect."[6] Michaels submits that he needed more time to serve the scheduling order on the broadcaster, and that he failed to move for an extension before that deadline expired because he did not receive a copy of the court's order until September 4, 2018, after the deadline had expired.[7] Michaels explains that he is a pro se plaintiff who provided the court with a physical address and telephone number for contacting him. Michaels has since sought—and been granted—leave to activate a CM/ECF account.[8] Because I find that he has shown good cause to extend that service deadline and that his failure to seek an extension earlier was the product of excusable neglect, I grant his motion to extend time nunc pro tunc to August 31, 2018, and deem his service timely.

---

[4] ECF No. 5.
[5] ECF No. 8.
[6] L.R. IA 6-1(a).
[7] ECF No. 8.
[8] ECF Nos. 11 (motion), 12 (order granting motion).

2

**B.     Emergency Motion for a Preliminary Injunction [ECF No. 3]**

As a threshold matter, I must consider the issue raised by the broadcaster in response to Michaels's motion for injunctive relief that subject-matter jurisdiction is lacking because no statute provides a private right of action on the facts that Michaels alleges. "Federal courts are courts of limited jurisdiction[, so they] cannot exercise jurisdiction without constitutional and statutory authorization."[9]

Michaels alleges that he "is entitled to a declaratory judgment proclaiming that [the broadcaster's] criterion with respect to the $50,000.00 threshold donation is unlawful, arbitrary[,] and capricious, and violates FEC § 11 CFR 110.13, and as a result thereof, [the broadcaster] [is] not entitled to the 'exemption' under FEC § 11 CFR 110.13."[10] "It is well settled that the Declaratory Judgment Act does not itself confer federal subject[-]matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established."[11] Michaels alleges that the broadcaster violated 11 C.F.R. § 110.13, so his declaratory relief claim appears to be predicated on the Federal Election Campaign Act of 1971 (FECA).[12] The FECA authorizes any person who believes that the Act has been violated to file a complaint with the Federal

---

[9] *Hansen v. Grp. Health Coop.*, ___ F.3d. ___, ___, 2018 WL 4201162, at *2 (9th Cir. Sept. 4, 2018).

[10] ECF No. 1 at ¶ 38 (Michaels also pleads that he is entitled to preliminary and permanent injunctions, but those are remedies).

[11] *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1006 (9th Cir. 2010).

[12] The federal regulation that Michaels invokes doesn't itself create a private right of action—nor can it. As the Ninth Circuit has repeatedly explained, Michaels "must demonstrate that a federal *statute* vests [him] with such a right." *North Cty. Comm. Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1155 (9th Cir. 2010) (quoting *Rouse v. U.S. Dep't of State*, 567 F.3d 408, 418 (9th Cir. 2009)). "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Id.* (quoting *Rouse*, 567 F.3d at 418).

3

Election Commission, not a court.[13]  It explains that, with one narrow exception, the power of the Commission to initiate civil actions is the "exclusive civil remedy for the enforcement of the provisions of this Act."[14]  And the narrow exception to the Commission's exclusive enforcement power is that any party who is aggrieved by an order of the Commission dismissing their complaint or by the Commission failing to timely act on their complaint "may file a petition with the United States District Court for the District of Columbia."[15]  The FECA doesn't provide Michaels a private right of action on the facts that he alleges.

Michaels also invokes 47 U.S.C. § 207, which is a provision of the Telecommunications Act of 1996 that provides that "[a]ny person claiming to be damaged by a common carrier subject to the provisions of this chapter may either make complaint to the Commission . . . or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter" in any federal district court of competent jurisdiction.  But Michaels doesn't allege that the broadcaster qualifies as a "common carrier," as that term is defined under the Telecommunications Act.  Nor does he allege that the broadcaster violated any provision of that Act, let alone any provision in Chapter 5, the chapter to which 47 U.S.C. § 207 pertains.  The Telecommunications Act also does not provide Michaels a private right of action on the facts that he alleges.

The broadcaster has demonstrated that there are serious jurisdictional issues with Michaels's complaint because neither of the two federal statutes that he appears to base his claims on grants him the legal right to seek relief from this court under these circumstances.  I

---

[13] 52 U.S.C. § 30109(a)(1).
[14] *Id.* at § 30107(e).
[15] *Id.* at § 30109(a)(8)(A).

cannot fairly evaluate the merits of Michaels's motion for a preliminary injunction until I am satisfied that this court has subject-matter jurisdiction over his claims. I therefore vacate the September 14, 2018, hearing on Michaels's motion for injunctive relief and give him until September 21, 2018, to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Michaels's motion to extend time **[ECF No. 8] is GRANTED nunc pro tunc.**

IT IS FURTHER ORDERED that **the hearing set for September 14, 2018, at 2 p.m. is VACATED.**

IT IS FURTHER ORDERED that **Michaels must SHOW CAUSE in writing by September 21, 2018**, why this case should not be dismissed for lack of subject-matter jurisdiction. Nexstar Media Group, Inc. has until **September 28, 2018, to file its reply.**

Dated: September 13, 2018

_____
U.S. District Judge Jennifer A. Dorsey