# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Barry Michaels, | Case No.: 2:18-cv-01620-JAD-GWF |
| Plaintiff | **Order Denying Motions for a Preliminary Injunction and for Leave to Amend and Dismissing Case** |
| v. | |
| Nexstar Media Group, Inc., | [ECF Nos. 3, 19] |
| Defendant | |

Plaintiff Barry Michaels is running as an independent candidate for the 2018 U.S. Senate election in Nevada.[1] Michaels alleges that television broadcaster Nexstar Media Group, Inc. intends to stage a debate for this race on October 4, 2018, but to qualify, he must have at least $50,000 in reported monetary campaign contributions. Michaels contends that this criterion violates the Federal Election Commission's regulations, so he sues Nexstar for a declaration to that effect and a permanent injunction prohibiting Nexstar from staging debates until it either eliminates the monetary criterion or waives it for him.[2]

Michaels also moves on an emergency basis for an injunction pending trial.[3] Though I scheduled that motion for hearing,[4] I found that Nexstar, in responding to it, raised legitimate jurisdictional concerns that required resolution before I could consider the merits of Michaels's injunctive-relief request.[5] Thus, I vacated the hearing and ordered Michaels to show cause why

---

[1] ECF No. 1.
[2] *Id.*
[3] ECF No. 3.
[4] ECF No. 5.
[5] ECF No. 16.

this case should not be dismissed for lack of subject-matter jurisdiction.[6] Michaels timely responds to the show-cause order and moves for leave to amend his complaint to abandon the declaratory-relief claim and proceed solely on the one for injunctive relief.[7] Michaels has not persuaded me that this court has jurisdiction under the FECA, and his request to amend is futile. I therefore deny both of Michaels's motions and dismiss this case for lack of subject-matter jurisdiction.

**Discussion**

Michaels explains that he filed a complaint about Nexstar's alleged violation of 11 C.F.R. § 110.13 with the Federal Election Commission (FEC) on August 13, 2018, and that he filed this lawsuit because the FEC lacks the power to enjoin Nexstar from staging the debate until it determines if Nexstar has broken any laws.[8] Michaels thus confirms my inference that his declaratory relief claim is predicated on the Federal Election Campaign Act of 1971 (FECA).[9] I previously explained that the FECA doesn't provide Michaels a private right of action on the facts that he alleges.[10] Without a private right of action under the FECA, this court lacks subject-matter jurisdiction to issue any relief on Michaels's claim that Nexstar violated the

---

[6] *Id.*

[7] ECF Nos. 18 (response to show-cause order), 19 (motion to amend).

[8] ECF No. 18 at 2.

[9] ECF No. 16 at 3. I mistakenly speculated in my prior order that Michaels's declaratory-relief claim might also be predicated on the Telecommunications Act of 1996 because he invokes 47 U.S.C. § 207 in his complaint. *Id.* at 4. That statute is actually part of the Communications Act of 1934. Michaels does not, however, allege that Nexstar violated either of those statutory schemes. Nor has he demonstrated that a private right of action exists under either of those statutory schemes on the facts that he alleges.

[10] *Id.* at 3–4.

FEC's regulations.[11] Michaels doesn't dispute this, but instead argues that this court has jurisdiction "by necessity" and refers me to several authorities that he contends flesh out this theory of jurisdiction.[12] Michaels's authorities don't support his jurisdictional theory.

Michaels begins with *Scripps-Howard Radio, Inc. v. Federal Communications Commission*, in which the Supreme Court held that the Court of Appeals of the District of Columbia has authority to stay an order of the Federal Communications Commission (FCC) pending appeal.[13] There was no question in *Scripps-Howard* that the Court of Appeals of the District of Columbia had jurisdiction to hear appeals from final orders of the FCC. As the Supreme Court explained, the Appeals Court has jurisdiction to review the FCC's orders under § 402(a) of the Communications Act of 1934.[14] *Scripps-Howard* isn't applicable because there hasn't been a final order by the FEC on Michaels's complaint and the FECA doesn't give this court jurisdiction to review the FEC's final orders. The Supreme Court's statement in *Federal Trade Commission v. Dean Foods Co.* that jurisdiction to review an agency decision traditionally comes with the power to issue injunctions pending agency review or appellate review of the agency's order is inapplicable for the same reasons.[15]

Michaels's citation to *Arbaugh v. Y&H Corp.*, which stands for the proposition that the employee-numerosity requirement of Title VII of the Civil Rights Act of 1964 doesn't implicate

---

[11] *See In re Digimarc Corp. Deriv. Litig.*, 549 F.3d 1223 (9th Cir. 2008) (affirming district court's decision that it lacked federal-question jurisdiction over plaintiff's claims under the Sarbanes-Oxley Act because that Act did not create or imply a private right of action).

[12] ECF No. 18 at 3–6 (collecting authorities).

[13] *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4 (1942).

[14] *Id.* at 8.

[15] *F.T.C. v. Dean Foods Co.*, 384 U.S. 597 (1966).

3

the court's subject-matter jurisdiction,[16] is confusing because that case has no bearing on these circumstances. Finally, Michaels's reliance on *McKart v. United States*,[17] *Williams v. Richardson*,[18] and *Deering Milliken, Inc. v. Johnston*[19] is misplaced because the issue here isn't whether he has exhausted his administrative remedies under the FECA, but whether he has a right to sue Nexstar under the FECA. None of Michaels's authorities demonstrate that he has a private right to sue Nexstar for its alleged violation of the FEC's regulations.

Michaels has not persuaded me that this court has jurisdiction to consider his declaratory-relief claim alleging that Nexstar violated the FEC's regulations. Nor has he persuaded me that this court has jurisdiction to enjoin Nexstar pending the FEC's review of the complaint that Michaels filed with it about Nexstar's alleged violations. The problem is that Michaels has not demonstrated that he has the right to sue Nexstar for its alleged violation of the FEC's regulations. Michaels's request to amend his complaint to abandon his claim for declaratory relief and proceed solely on his one for injunctive relief won't cure this defect.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Michaels's emergency motion for preliminary injunctive relief **[ECF No. 3]** and motion for leave to file an amended complaint **[ECF No. 19] are DENIED.**

---

[16] *Arbaugh v. Y&H Corp.*, 564 U.S. 500 (2006).

[17] *McKart v. U.S.*, 395 U.S. 185 (1969) (the Supreme Court held that a selective-service registrant's failure to administratively exhaust through appeal his available-for-military-service status did not preclude him from defending a criminal prosecution on the grounds that he was wrongly given that status).

[18] *Williams v. Richardson*, 347 F. Supp. 544 (W.D. N.C. 1972) (failure to pursue administrative remedies under the Social Security Act not a bar to suit because the challenge—constitutionality of § 403(a) of the Act—could not be considered on that review).

[19] *Deering Milliken, Inc. v. Johnston*, 295 F.2d 856 (4th Cir. 1961) (district court had jurisdiction to enjoin National Labor Relations Board under the Administrative Procedure Act).

IT IS FURTHER ORDERED that this case is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk of Court is directed to **CLOSE THIS CASE.**

Dated: October 3, 2018

_____
U.S. District Judge Jennifer A. Dorsey